SU KWEK aka SUSAN KWEK,

               Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. TIMOTHY
BIVONA, INDIVIDUALLY and in his official capacity
"JOHN DOES" #1-10, individually and in their official
capacity of the NEW YORK CITY POLICE
DEPARTMENT, GENTING NEW YORK LLC, d/b/a
RESORTS WORLD CASINO NEW YORK CITY, and
"JOHN DOES" #11-20 in their individual capacities and
as employees of Genting New York LLC,

               Defendants.

**Civil Action No.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Su Kwek, aka Susan Kwek ("Ms. Kwek" or "Plaintiff"), by her attorneys, RHA & KIM, LLP, alleges as follows:

## NATURE OF THE ACTION

1.    Ms. Kwek is a 59-year-old woman who was playing a slot machine at the Resorts World Casino in South Ozone Park, New York when she was unlawfully detained by casino employees, and subsequently by NYPD officers, without cause.

2.    This action is brought to remedy claims of wrongful arrest in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, her rights under the New York State Constitution, and her other statutory and common law rights.

3.    Plaintiff seeks compensatory, punitive, and liquidated damages, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because this lawsuit alleges violations of the U.S. Constitution and raises questions of federal law.  Jurisdiction is also based upon 28 U.S.C. § 1343 because the lawsuit seeks relief for the deprivation of Plaintiff's Constitutional rights under color of state law.

5.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the event or omissions giving rise to the claims occurred in this District.

6.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

7.     That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

8.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9.     Ms. Kwek is a 59-year-old woman who was lawfully visiting the Resorts World Casino as a paying customer in January 2019.

10.     Genting New York LLC., d/b/a Resorts World Casino New York City ("Resorts World") is a corporation established under the laws of the state of Delaware, doing business in New York.

11.     On January 30, 2019, Genting New York LLC operated, maintained, managed, and controlled the Resorts World Casino located at 110-00 Rockaway Blvd., South Ozone Park, New York.

12.     John Doe Defendants 11-20 are employees and/or agents of Resorts World, whose identities are currently unknown, but whose identities will be ascertained through discovery. Along with Resorts World, these Defendants are hereinafter referred to as Resorts World Defendants.

13.     Defendant, the City of New York ("NYC") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.     NYC maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform functions of a police department as per applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, NYC.

15.     At all times hereinafter mentioned, the individually named Defendant P.O., Timothy Bivona, and Unidentified Officers/Detectives of the NYPD were employed as police officers and/or detectives for NYPD during the time period of the incident, were duly sworn police officers and/or detectives of NYPD, and were acting under the supervision of NYPD.

16.     John Doe Defendants 1-10 are police officers or other employees of the NYPD whose identities are currently unknown, but whose identities will likely be ascertained through discovery.  Together with NYC and Timothy Bivona, these Defendants are hereinafter referred to as NYCPD Defendants.

17.     At all times hereinafter mentioned NYCPD Defendants, either personally or through their employees, were acting under color of state law, statute, official rules, ordinance, regulation, custom, usages, and/or practice of the State or NYC.

18.     Each and all of the acts of the NYCPD Defendants alleged herein were done by the said Defendants while acting within the scope of their employment by NYC.

**NOTICE OF CLAIM**

19.     Within ninety (90) days after the claim herein sued upon accrued, Plaintiff filed with Defendants a written Notice of Claim setting forth the time, place, nature, and manner in which the claim arose.

20.     A hearing was conducted on December 12, 2019, pursuant to Section 50-h of the General Municipal Law.

**FACTUAL ALLEGATIONS**

21.     On or about January 30, 2019, Ms. Kwek was playing the slot machines at Resorts World.  While she was utilizing one of the machines, Resorts World employees detained Ms. Kwek and forced her downstairs without cause.

22.     Prior to forcing Ms. Kwek to go downstairs to one of their offices, Resorts World employees, in public, in view of all other guests, accused Ms. Kwek of breaking the slot machines.  Ms. Kwek was dumbfounded initially and became increasingly upset, scared, humiliated, and traumatized as the time went and the Resorts World employees yelled at her, cursed at her, physically surrounded her, menaced her causing Ms. Kwek to fear for her safety. When Ms. Kwek tried to ask them questions or explain herself and informing them of her innocence and her reasons for her innocence, one of the Resorts World employees yelled at her spitting out, "I don't fucking care."  A Resorts World employee became physically menacing towards Ms. Kwek and knocked her phone out of her hands as she tried to use her phone to explain her innocence.

23.     Instead, Resorts World employees demanded payment from Ms. Kwek for an allegedly broken slot machine.  Resorts World employees tried to scare Ms. Kwek and persuade

her to make the payment by threatening Ms. Kwek that if she did not pay, they would call the police and she would be arrested.

24.     Ms. Kwek adamantly maintained that she did not damage the machine.  She told Resorts World employees to speak to the other guests playing nearby, especially the older non-Asian lady who was playing right next to Ms. Kwek because Ms. Kwek knew that the lady had knowledge regarding Ms. Kwek's innocence.  She also asked that Resorts World employees review the surveillance footage which Ms. Kwek knew recorded events of each day—she became extremely upset and scared as her plea and explanations only enraged the employees further and they insisted that she pay them hundreds of dollars for her release.  Upon information and belief, Resorts World employees did not speak to any witnesses or investigate the details provided by Ms. Kwek and instead called the NYPD simply because Ms. Kwek refused to succumb to their demands for pay.

25.     Upon information and belief, the slots machines are checked and maintained by Resorts World employees multiple times throughout the day.  Ms. Kwek had seen Resort World employees work on the machines and to replenish the paper supply for the slot machine vouchers.

26.     NYCPD Defendants arrived shortly after being called by Resorts World employees and made it very clear that she was being arrested because she was refusing to give into Resort World employees' demand for payment.  Ms. Kwek refused to for the machine because she did not damage the machine, and she again tried to explain her innocence and reasons but no one would look into the situation.

27.     Approximately one week prior to this incident, Ms. Kwek made a prior visit to Resort World as a paying customer, and used the same machine.  She had photographic evidence

that it was broken on that date, clearly refuting the allegations that she had caused the damage one week later.

28.     Ms. Kwek called this to the attention of the Resort World employees and the NYCPD Defendants, but they ignored her.

29.     Ms. Kwek was then wrongfully arrested by the NYCPD Defendants and charged with criminal mischief in Queens County Criminal Court under docket #: CR-003801-19QN. The criminal case was dismissed and sealed on May 30, 2019.

30.     At no time on January 30, 2019 did any of the Defendants possess probable cause to arrest Ms. Kwek.

31.     At no time on January 30, 2019 or thereafter did NYCPD Defendants possess information that would lead a reasonable officer to believe that probable cause existed to arrest Ms. Kwek.

32.     At all times, all Defendants had the duty to act reasonably and look into the details Ms. Kwek tried to provide regarding the alleged damages to the machines and proof of her innocence.

33.     At all times, Defendant Resorts World had the duty to check the slot machines it was presenting to their guests as fully functioning and fair for play, and make sure there were no damages to the machines that would affect the fair play of the slot machines.

34.     At all times, Defendant Resorts World had in its possession knowledge regarding the condition of its slot machines and it had the duty to utilize the knowledge to verify its assumptions prior to accusing Ms. Kwek, detaining her, forcing her into their basement office, keeping her wrongfully in their office against her will, threatening her with criminal action for something she had not done, then demanding money for her release and freedom, and then

ultimately causing the wrongful arrest of Ms. Kwek and causing consequential damages to Ms. Kwek.

35.     As a result of her unlawful arrest, Ms. Kwek was handcuffed, causing injury to the her wrist, detained,  taken into custody, transported to a police station, kept in the holding cell, had her mug shot taken, and her fingerprints were taken.  After a period of detention, Ms. Kwek was given a desk appearance ticket for a future arraignment date in Queens County Criminal Court.

36.     As a result of her unlawful arrest, Ms. Kwek was charged with Criminal Mischief in the 4th Degree -a class-A misdemeanor- and was forced to obtain counsel to defend herself against these charges.

37.     The charges were subsequently dismissed, as they utterly lacked substance and should never had been brought in the first place.

38.     Upon information and belief, other customers at Resorts World have also been accused of damaging the machines and demanded to pay monies to the Resorts World employees and threatened with criminal arrests.  Upon information and belief, these customers have included customers of Asian heritage, as is Ms. Kwek, and for whom English is not their first language.

39.     Upon information and belief, the same police precinct of the NYPD and the City of New York has been involved in arrests arising out of Resorts World's complaint of damages to their machines.


**DAMAGES**

40.     Plaintiff incurred mental anguish, emotional distress and injury, which are objectively reasonable based on the events described above.

41.     Based on her mental anguish, Plaintiff has been under the care of a doctor for almost one year.

42.     Based on her condition, Ms. Kwek was unable to tend to her business and household and family duties and responsibilities.  The quality and productivity of both her business and personal life and relationships have suffered.

43.     Plaintiff suffered humiliation, embarrassment, and damage to her reputation.

44.     To this day, Ms. Kwek suffers from anxiety and nightmares.

45.     Plaintiff was required to pay legal expenses for her criminal defense, and she was otherwise injured.

## FIRST CAUSE OF ACTION
## STATE LAW NEGLIGENCE AS TO RESORTS WORLD

46.     Plaintiff repeats and incorporates by reference the allegations contained in all preceding paragraphs.

47.     Resorts World Defendants owed a duty of care to Plaintiff, to refrain from making false accusations and causing her arrest for being lawfully on the premises and lawfully utilizing Defendants' slot machine.

48.     Resorts World Defendants were negligent by falsely claiming that Plaintiff damaged the slot machine prior to her detention.

49.     Resorts World Defendants were negligent in insisting that Plaintiff should be arrested.

50.     The negligence and negligent acts of Resorts World Defendants were the proximate cause of Plaintiff's injury, as they directly led to her arrest and the financial and other consequences that followed.

51.     Resorts World Defendants failed to use reasonable care when they detained Plaintiff and demanded money—money that if not paid immediately, would lead to Resorts World Defendants calling the NYPD.

52.     Resorts World Defendants failed to use reasonable care when they allowed a noticeably damaged slot machine to remain on the casino floor. Resorts World Defendants knew or should have know that the slot machine had been damaged prior to January 30, 2019, and Resorts World Defendants should have removed and repaired the slot machine prior to January 30, 2019.

53.     Had Resorts World Defendants acted reasonably by noticing and removing the broken slot machine from the casino floor, Plaintiff would not have been accused and wrongfully charged with damaging the slot machine.

54.     Resorts World Defendants failed to use reasonable care by not allowing Plaintiff to explain what happened, prior to her detention and subsequent arrest. Plaintiff desperately tried to explain that the slot machine was broken prior to January 30, 2019—and that she could prove that it was broken prior to January 30, 2019. Plaintiff begged Resorts World Defendants to speak to various witnesses who could confirm her story. Upon information and belief, these witnesses were still in the casino and available at the time of Plaintiff's unlawful detention.

55.     Resorts World is liable for the acts of individually-named defendant-employees under the doctrine of *respondeat superior*, as the employees were acting within the scope of their employment duties.

56. The aforementioned occurrence and resulting injuries were caused by reason of the negligence, recklessness, and carelessness of Resort World Defendants, their agents, servants, and employees without any negligence on the part of Plaintiff.

57. The aforesaid injuries did not result from any negligence or fault on the part of Plaintiff.

58. The limitations on liability set forth in CPLR § 1601 do not apply by reason of one or more of the exemptions set forth in CPLR § 1602.

59. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE AS TO RESORTS WORLD

60. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

61. Resorts World had a duty to act with reasonable care towards its customer, Ms. Kwek, to prevent her unlawful arrest and detention.

62. Resorts World was grossly negligent in causing Plaintiff to be arrested.

63. Resorts World was grossly negligent in failing to exercise proper supervision, and in negligently hiring, training, and retaining the individually-named Resorts World Defendants whom Resorts World knew, or in the exercise of due care, should have known were unfit to be entrusted with the duties of casino security.

64. Resorts World was grossly negligent in failing to follow proper procedures for casino management.

65. Resorts World was grossly negligent in failing to follow proper procedures for investigations by casinos in the gaming industry.

10

66.     The gross negligence and grossly negligent acts of Resorts World were the proximate cause of Plaintiff's injuries, as but for their grossly negligent acts, Plaintiff would not have been arrested.

67.     At the time and place of the occurrence herein described, the individually-named defendants were acting in the course and scope of their employment by Resorts World.

68.     Resorts World is liable for the acts of the individually-named defendants under the doctrine *respondeat superior*.

69.     The gross negligence and grossly negligent acts of Resorts World Defendants caused Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.  Such damages are continuing.

70.     By reason of the foregoing, Plaintiff demands compensatory and punitive damages against Resorts World Defendants.

## THIRD CAUSE OF ACTION
## STATE LAW TORT FALSE IMPRISONMENT/FALSE ARREST AS TO RESORTS WORLD

71.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

72.     Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York State Constitution in that Resorts World Defendants instigated and caused the arrest of Plaintiff by providing false information to and misleading the police.

73.     These actions were caused by Resorts World Defendants without any legal justification.

74. Resorts World Defendants did not merely call the police and file a complaint, but they also failed to disclose exculpatory video readily available and directed the police to arrest Plaintiff despite no illegal activity having occurred.

75. Resorts World Defendants falsely alleged that Plaintiff damaged the slot machine without first confirming whether the machine had been broken prior to January 30, 2019.

76. Resorts World Defendants falsely alleged that Plaintiff damaged a slot machine, when, in fact, the machine was noticeably broken, prior to January 30, 2019.

77. The police officers acted based upon the statements of Resorts World Defendants and the false allegation that Plaintiff damaged the slot machine.

78. Resorts World Defendants demanded that Plaintiff pay for the damaged slot machine, or she would be arrested. Once NYCPD Defendants arrived, Resorts World Defendants demanded that Ms. Kwek be arrested on unfounded and/or false accusations alone.

79. Upon information and belief, neither Resorts World Defendants nor NYCPD Defendants investigated the incident to determine what actually happened to the slot machine.

80. Plaintiff had ironclad proof that the slot machine had been broken prior to January 30, 2019, but neither Resorts World Defendants nor NYCPD Defendants cared to review her evidence.

81. NYCPD Defendants were acting at the behest of, for the benefit of, and on behalf of Resorts World Defendants.

82. NYCPD Defendants were acting as agents of Resorts World Defendants, who had told NYCPD Defendants to arrest Plaintiff, because she had damaged a slot machine.

83.     Resorts World Defendants, in taking such steps, were acting with undue zeal to the point that the officers were not acting of their own volition but rather were importuned to act based upon the misrepresentations and actions of Resorts World Defendants.

84.     Resorts World Defendants instigated NYCPD Defendants to act, directed NYCPD Defendants, and affirmatively induced NYCPD Defendants to act.

85.     Resorts World Defendants' actions procured the arrest of Plaintiff.

86.     NYCPD Defendants were not acting upon their own volition but had substituted Resorts World Defendants judgment for their own.

87.     The statements and actions of Resorts World Defendants procured the confinement of the Plaintiff.  Plaintiff's confinement was intended, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

88.     The seizure and unlawful detention was caused by Resorts World Defendants giving advice, encouraging, and importuning NYCPD Defendants to act without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

89.     That by reason of the unlawful seizure, Plaintiff incurred mental anguish, emotional distress, legal expenses, loss of reputation, humiliation, indignities, embarrassment, degradation, and she was otherwise injured.

90.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined by a jury, and an award of attorneys' fees is appropriate on this claim.

**FOURTH CAUSE OF ACTION**
**STATE LAW INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL**
**DISTRESS AS TO RESORTS WORLD DEFENDANTS**

91.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

92.    Resorts World Defendants, by engaging in the conduct hereinabove described, intentionally and/or recklessly, and with the intention to cause Plaintiff severe emotional distress, acted in a shocking and outrageous manner exceeding all bounds of decency.

93.    Resorts World Defendants' conduct proximately caused Plaintiff to suffer and to sustain extreme emotional pain, suffering and distress, and to otherwise sustain emotional damages.  Such damages are continuing.

94.    Resorts World Defendants acted intentionally and/or recklessly, and showed utter disregard for the rights and well-being of Plaintiff.

95.    The negligence of Resorts World, its agents, servants, and employees, while acting in the course and scope of their employment, proximately caused and permitted the individually-named defendants to be placed in a position where they intentionally, recklessly, and/or negligently caused Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damage

96.    Resorts World Defendants' conduct proximately caused Plaintiff to suffer, and Plaintiff continues to suffer, extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.

97.    At the time and place of the occurrences herein described, the individually-named defendants were acting in the course and scope of their employment by Resorts World.

98.    The individually-named Resorts World Defendants were acting within the scope of their employment by Resorts World.

99.     Resorts World is liable for the acts of the individually-named Defendants under the doctrine of *respondeat superior*.

100.    By reason of foregoing, Plaintiff is entitled to compensatory and punitive damages against all Resorts World Defendants.

## FIFTH CAUSE OF ACTION: STATE LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO RESORTS WORLD DEFENDANTS

101.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

102.    Resorts World Defendants, by engaging in the conduct hereinabove described, negligently caused Plaintiff to sustain severe emotional distress.

103.    Resorts World Defendants' conduct proximately caused Plaintiff to suffer and continue to suffer extreme emotion pain, and to otherwise sustain emotional damages.

104.    At the time and place of the occurrences herein described, the individually-named Defendants were acting in the course and scope of their employment by Resorts World.

105.    Resorts World is liable for the acts of the individually-named Defendants under the doctrine of *respondeat superior*.

106.    By reason of the foregoing, Plaintiff demands compensatory and punitive damage against the Resorts World Defendants.

## SIXTH CAUSE OF ACTION
## FALSE IMPRISONEMENT/FALSE ARREST AS TO NYCPD DEFENDANTS

107.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

108.     Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York State Constitution in that NYCPD Defendants arrested Plaintiff without probable cause.

109.     Plaintiff's arrest was without a warrant.

110.     NYCPD Defendants should have inquired into why Plaintiff was being detained by Resorts World Defendants.

111.     NYCPD Defendants should have inquired into Resorts World Defendants' accusations.

112.     NYCPD Defendants should have inquired into Resorts World Defendants' veracity under the given circumstances confronting them.

113.     NYCPD Defendants disregarded Plaintiff's vehement assertions that she did not damage the slot machine.

114.     NYCPD Defendants did not speak to witnesses, nor did they review exculpatory evidence that they were told was in Plaintiff's possession, but instead arrested Plaintiff, without probable cause.

115.     NYCPD Defendants failed to assess the facts and circumstances confronting them at the time.

116.     The circumstances of the incident gave rise to a duty of further inquiry by the NYCPD Defendants.

117.     Plaintiff was conscious of the confinement, the confinement was intended, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

118.     The said seizure and unlawful detention occurred without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

119.    By reason of the unlawful seizure and false arrest, Plaintiff has been damaged as set forth above.

## SEVENTH CAUSE OF ACTION
## FEDERAL FALSE ARREST CLAIM AS TO NYCPD DEFENDANTS

120.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

121.    Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments of the United State Constitution pursuant to 42 U.S.C. § 1983, in that Plaintiff was illegally seized.

122.    Said acts were caused by NYCPD Defendants and without any legal justification.

123.    Plaintiff's arrest was without a warrant.

124.    NYCPD Defendants should have inquired into why Plaintiff was being detained by Resorts World Defendants.

125.    NYCPD Defendants should have inquired into Resorts World Defendants' accusations.

126.    NYCPD Defendants should have inquired into Resorts World Defendants' veracity under the given circumstances confronting them.

127.    NYCPD Defendants disregarded Plaintiff's vehement assertions that she did not damage the slot machine.

128.    NYCPD Defendants did not speak to witnesses, nor did they review exculpatory evidence but instead arrested Plaintiff, without probable cause.

129.    Plaintiff's insistence that she possessed exculpatory evidence put NYCPD Defendants on notice of a duty of further inquiry.

130.     NYCPD Defendants failed to assess the facts and circumstances confronting them at the time.

131.     NYCPD Defendants caused the confinement of Plaintiff, NYCPD Defendants intended to confine Plaintiff, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

132.     Said seizure and unlawful detention was caused by NYCPD Defendants acting without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

133.     By reason of the unlawful seizure, Plaintiff incurred emotional and pecuniary harm, suffered humiliation, mental anguish, embarrassment, damage to her reputation, and she was otherwise injured.

134.     By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined at trial, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION
## OF EMPLOYEES BY NYC

135.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

136.     NYC has a duty to exercise reasonable care in hiring, training, supervising, and retaining its NYPD employees.

137.     NYC breached this duty by failing to exercise reasonable care in hiring Defendant Timothy Bivona and Unidentified Officer/Detectives who arrested Plaintiff without probable cause or appropriate investigation.

138.     NYC breached its duty to exercise reasonable care in training Defendant Timothy Bivona and Unidentified Officers/Detectives to ensure that they do not arrest citizens without probable cause to believe that arrest is appropriate and consistent with the law.

139.     NYC breached its duty to exercise reasonable care in retaining its NYPD employees by retaining Defendant Timothy Bivona and Unidentified Officers/Detectives in this action.

140.     NYC breached its duty to exercise reasonable care in supervising its NYPD employees by failing to properly supervise Defendant Timothy Bivona and Unidentified Officers/Detectives in this action.

141.     NYC promulgated police policies that were unconstitutional inasmuch as they permitted NYCPD Defendants and Unidentified Officers/Detectives, acting outside the scope of their employment and official duties, to violate the Constitution of the United States by arresting Plaintiff without probable cause.

142.     NYC knew or should have known of NYCPD Defendants and Unidentified Officers/Detectives' propensities to arrest innocent citizens without knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant that the person to be arrested has committed or is committing a crime.

143.     NYC knew or should have known of NYCPD Defendants and Unidentified Officers/Detectives' propensities to arrest innocent citizens without probable cause.

144.     But for these failures to exercise reasonable care in the hiring, training, retention, and supervision of Defendant Timothy Bivona and Unidentified Officers/Detective, Plaintiff would not have been wrongfully arrested and subjected to the indignities and harms that resulted from it.

## NINTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION
## OF EMPLOYEES BY RESORTS WORLD

145.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges that.

146.     Resorts World has a duty to exercise reasonable care in hiring, training, supervising, and retaining its employees.

147.     Resorts World breached this duty by failing to exercise reasonable care in hiring the individually-named Resorts World employees, who caused Plaintiff to be arrested and prosecuted without probable cause or appropriate investigation.

148.     The circumstances giving rise to the instant action demonstrate that Resorts World was grossly negligent in the hiring and retention of Resorts World employees.

149.     Resorts World breached its duty to exercise reasonable care in training the individually-named Resorts World employees to ensure that they do not cause the arrest or prosecution of customers without probable cause to believe that arrest is appropriate and consistent with the law.

150.     Resorts World breached its duty to exercise reasonable care in retaining its employees by retaining the individually-named Resorts World employees in this action.

151.     Resorts World breached its duty to exercise reasonable care in supervising its employees by failing to properly supervise the individually-named Resorts World employees in this action.

152.     Individually-named Resorts World employees were acting outside the scope of their employment by Resorts World.

153.     But for these failures to exercise reasonable care in the hiring, training, retention, and supervision of the individually-named Resorts World employees, Plaintiff would not have been wrongfully arrested and subjected to the indignities and harms that resulted from it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1) On the first cause of action, judgment in favor of Plaintiff and against the Resorts World Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trail;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

2) On the second cause of action, judgment in favor of Plaintiff and against the Resorts World Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trail;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

3) On the third cause of action, judgment in favor of Plaintiff and against the Resorts World Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trail;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

4) On the fourth cause of action, judgment in favor of Plaintiff and against the Resorts World Defendants and:

    a. An order awarding compensatory damages in an amount to be determined at trail;

    b. An order awarding punitive damages in an amount to be determined at trial; and

    c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

5) On the fifth cause of action, judgment in favor of Plaintiff and against the Resorts World Defendants and:

    a. An order awarding compensatory damages in an amount to be determined at trail;

    b. An order awarding punitive damages in an amount to be determined at trial; and

    c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

6) On the sixth cause of action, judgment in favor of Plaintiff and against the NYCPD Defendants and:

    a. An order awarding compensatory damages in an amount to be determined at trail;

    b. An order awarding punitive damages in an amount to be determined at trial; and

    c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

7) On the seventh cause of action, judgment in favor of Plaintiff and against the NYCPD Defendants and:

    a. An order awarding compensatory damages in an amount to be determined at trail;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

d. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

8) On the eighth cause of action, judgment in favor of Plaintiff and against the NYCPD Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

9) On the ninth cause of action, judgment in favor of Plaintiff and against Resorts World Financial Corp. and:

   a. An order awarding compensatory damages in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated: January 29, 2020
     Bayside, New York                          Respectfully Submitted,

                                             **RHA & KIM, LLP**

                           By:     ___/s/_Megan Rha_____
                                     Megan Rha, Esq. (MR 2600)
                                     *Attorneys for the Plaintiff*
                                     215-45 Northern Boulevard, Suite 200
                                     Bayside, NY 11361
                                     Tel: (718) 321-9797
                                     Fax: (718) 321-9799